PROB 12C
(7/93)

Report Date: August 9, 2010

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 10 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Kevin Nichols                Case Number: 2:05CR00083-001

Address of Offender: 1100 West Mallon, Spokane, WA 99260

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: 09/26/2005

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) | |
| Original Sentence: | Prison - 57 Months; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Earl A. Hicks | Date Supervision Commenced: 07/02/2009 |
| Defense Attorney: | Jeffrey S. Barkdull | Date Supervision Expires: 07/01/2012 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime. |
| | **Supporting Evidence**: Kevin Nichols allegedly violated conditions of his supervised release by being arrested for first degree assault and first degree robbery on or about August 7, 2010, contrary to condition 2 of his conditions of supervised release. According to Spokane Police Department incident number 10-259553, on August 7, 2010, at approximately 0225 hours, the offender was arrested after attempting to elude pursuing officers in Riverfront Park. The offender and a male accomplice allegedly assaulted another male. The victim told responding officers that he had been stabbed, punched, and kicked by two suspects. In elaborating, the victim reported that he had been walking toward the Cenex gas station at East Mission Avenue and North Ruby Street before he was attacked on Mission, south of the Cenex gas station. The victim stated that he felt threatened and that the defendants were trying to rob him. Consequently, he gave one of the male perpetrators a $10 bill and several $1 bills. Both perpetrators commenced to striking and kicking the victim. It is also noted that the victim was stabbed three times during the course of the assault and robbery. The incident report reflects that the victim was severely injured as a result of the stabbing. |

        Kevin Nichols and his male accomplice were later contacted by law enforcement after attempting to elude responding officers in a stolen vehicle. Mr. Nichols was taken into custody after departing the vehicle and attempting to elude officers on foot. Once he was transported to the Spokane County Jail, a four-leaf clover in a plastic bag was removed from his person. According to the Spokane County Jail corrections deputies, Mr. Nichols was quoted as saying, "Was that a razor blade you pulled out of there?" When deputies did not answer him, he made an unsolicited statement of, "Was that the knife?"

        The male victim later identified both defendants as his attackers from a photo-montage. In addition, Mr. Nichols' clothing was placed on police property as evidence. Apparently the clothing (jeans and underwear) had blood stains on them.

2    **Standard Condition # 9**: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

    **Supporting Evidence**: Kevin Nichols violated conditions of his supervised release by associating with a known felon (Christopher Hardwick) on or about August 7, 2010, contrary to standard condition 9 of his conditions of supervised release. As noted previously, Kevin Nichols and Christopher Hardwick were identified by a male victim as being the perpetrators in a robbery and assault. Mr. Nichols did not have permission to associate with Christopher Hardwick.

3    **Standard Condition # 11**: The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

    **Supporting Evidence**: Kevin Nichols violated conditions of his supervised release by failing to notify U.S. probation of the above-mentioned arrest on or about August 7, 2010, contrary to condition 11 of his conditions of supervised release.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer to the allegations contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 08/09/2010

s/Tommy Rosser

Tommy Rosser
U.S. Probation Officer

Prob12C
Re: Nichols, Kevin
August 9, 2010
Page 3

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

8/10/10
Date